CASE 50—PETITION EQUITY—MAY 20.

# Schamberg v. Auxier, &c.

### APPEAL FROM PIKE CIRCUIT COURT.

1. PROMOTERS—COMMISSIONS AGAINST PARTNERS OR JOINT OWNERS.—
Where promoters are instrumental in consummating a sale of
land to several parties as partners or joint owners each of the
partners or joint owners was bound for the whole commission;
and where the bond for title taken by them, discloses that they
were joint purchasers or partners, it was incumbent upon them
to prove a mistake in the writing to avoid such liability.

2. INTEREST.—In such an action for commissions the question
whether the plaintiffs were entitled to interest should have been
left to the discretion of the jury.

3. ATTORNEY'S FEES AND COMMISSIONS.—The promoters, who were
also attorneys, having advised the parties to purchase the land
from one party, when they knew that another party claimed it,
were not entitled to charge the purchasers with attorney's fees
in a subsequent suit between the parties to test the title to
the land, as the consummation of the sale depended upon the
result of the suit, and their commissions depended upon the
consummation of the sale.

W. S. HARKINS, ALEXANDER LACKEY, D. W. STEELE, JR.,
AND J. A. SCOTT FOR APPELLANT.

W. H. HOLT FOR APPELLEES.

(Record and briefs not in office.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellees instituted this action in the Pike Circuit
Court against the appellant and Emile Fox, Alfred C. Hirsch
and Henry M. Reis, seeking to recover $1,450, besides interest,
for services and assistance rendered defendants by appellees
in the purchase of a large lot of land from one James H.
Lesley. Appellees also sought to recover of said defendants

$450, attorneys fee, due, as alleged, from defendants for services in a suit of James Hatcher and others against defendants and Lesley. Appellant was the only one of the defendants who was personally brought before the court. Appellees also obtained an attachment on the ground that defendants were non-residents of the State, and the same was levied upon a large quantity of land, and divers persons summoned as garnishees. The answer of appellant is, first, a plea to the jurisdiction of the court, and the plea seems to have been properly overruled. It is also a denial of the contract as to the purchase of the Lesley land, and denied any indebtedness on account of the attorney's fee claimed. In an amended answer appellant denied that he and the other defendants were partners, and again denied the employment of appellees to purchase, or to assist appellants or defendants in purchasing, the Lesley land, and alleged that he made the purchase without the aid or assistance of appellees. He admits that appellees drew up a bond or option from Lesley for a sale or conveyance of the land, but averred that he did not know who, in law, ought to pay for it. After the issues were made up, a jury trial resulted in favor of appellees for $1,450 commission, and $352.35 interest thereon, and also $200, and $48.60 interest thereon, as attorney's fees, upon which verdict a judgment for the sum so found was rendered. The attachment was also sustained, and a garnishee ordered to pay to appellees the sum shown to be in its hands due to appellant, and a sale of certain attached real estate adjudged to pay the residue of the judgment; and, appellant's motion for a new trial having been overruled, he has appealed.

We do not think the court erred as to the admission or rejection of testimony, so far as we can see from the record before us. It seems, from the bond executed to appellant and others, that they were joint purchasers or partners; hence each was bound for the whole commission, if any were bound for anything, unless a mistake in the writing had been pleaded and proven. If appellees were entitled to recover at all, the jury might properly allow interest. It would have been better, however, to have left the question of interest to the discretion of the jury.

It does not appear that the paper called the "Answer of the Catlettsburg National Bank" was ever filed as an answer, or treated as an answer. It results, therefore, that it was not error to fail to order the sum named in that paper to be applied to the payment of the judgment.

Appellant insists that the court erred in refusing the three instructions asked by him, but we do not think so. It is the further contention of appellant that the court erred in giving instructions 1, 2, 3, 4 and 5. The first instruction is a fair presentation of the law of the case, except that the question of interest should have been left to the jury, and the particular facts or testimony relied on should not have been particularly mentioned. The second instruction should not have been given, nor any instruction given authorizing the jury to find any sum for plaintiffs for the defense of the suit of Hatcher and others against appellant and Lesley and others. The proof conduces to show that Lesley, by his agent, his son (at least such was the claim of Hatcher, etc.), had sold this same land to Hatcher, etc., which fact or claim was known to appellees, and also to appellant. It also appears

that appellant had at first been inclined to buy of Hatcher, etc., and that appellees, upon investigation, determined, as lawyers, that Lesley was not bound by the sale to Hatcher, etc., and upon that advice Lesley sold, and appellant purchased, and almost immediately Hatcher, etc., brought suit, and enjoined Lesley from completing the sale; and, unless he could pass the title to appellant, no sale could or would have, in fact or in law, been made. It was the duty of Lesley to see to the defense of that suit, and likewise the duty of appellees to do so, too, if they intended or expected to collect the $1,450 claimed by them. It appears from the evidence that Lesley paid them $300, which, according to some of the depositions, was not far from reasonable compensation. The sole question involved in the Hatcher suit was as to the right of Lesley to sell to appellant, and appellant should not be required to pay the full commission, and also pay an attorney's fee to sustain Lesley's right to disregard the first contract and make good the second.

For the reasons indicated the judgment of the court below is reversed and the cause remanded, with directions to set aside the verdict and judgment and award appellant a new trial, and for proceedings consistent with this opinion.